# COMPLAINT
(for filers who are prisoners without lawyers)

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

(Full name of plaintiff(s))

Anthony K. IT

v.

Case Number:

(Full name of defendant(s))

Captain Dukert
officer Donzelli
County of Milwaukee
officer Jr. Smithie Defendants sue

(to be supplied by Clerk of Court)

Jury Trial Demanded

A. PARTIES

1. Plaintiff is a citizen of __Wisconsin__, and is located at
   (State)
   (2925 Columbia Drive)
   Columbia Corr. Inst. PO Box 900 Portage, WI 53901
   (Address of prison or jail)

(If more than one plaintiff is filing, use another piece of paper.)

2. Defendant Captain Dukert
   (Name)

is (if a person or private corporation) a citizen of __WISCONSIN__
(State, if known)

and (if a person) resides at _____
(Address, if known)

and (if the defendant harmed you while doing the defendant's job)
worked for __Milwaukee County Sheriff office/Jail__
__949 N. 9th St, Milwaukee, WI 53233__
(Employer's name and address, if known)

(If you need to list more defendants, use another piece of paper.)

B. STATEMENT OF CLAIM

On the space provided on the following pages, tell:
1. Who violated your rights;
2. What each defendant did;
3. When they did it;
4. Where it happened; and
5. Why they did it, if you know.

On June 27, 2014 I was taken into custody of Milwaukee County Sheriff's office and placed in Milwaukee County Jail. Captain Dukert, who is in charge of inmates' classification status placed me unduly under maximum-custody status in the disciplinary segregation unit "4D" on the first day I was in custody. No officers explained why I was being placed in Max-custody status. I had no prior history or cases involving assaults on any Wisconsin officer neither in the community or within any jails in the state

Complaint – 2

A. Parties (cont.)
 2. Defendants
  Officer Donzelli
   citizen of Wisconsin
   Worked for Milwaukee County Jail at
   949 N. 9th Street, Milwaukee, WI 53233
 3. County of Milwaukee
   Municipality in Wisconsin

Complaint- 2A

of Wisconsin. Nor did I have any record of escape from police custody. There was no kind of preliminary classification hearing or interview at which I was present, even though there was a liberty interest at stake. And I did not ask to be in segregation. But I was kept housed in segregation for months prior to the rise of any incident that would have been reason to place me on administrative segregation or max-custody. I stayed in the most restrictive parts of the jail for over 800 days until I was transferred out of the jail. ② Count 1: The totality of the conditions in the jail were unconstitutional in violation of the eighth amendment. ① The sanitation conditions in the cells, especially on 4D, were fairly, if not exceptionally harsh. 4D cell floors were visibly dirty and stained and were NOT mopped out before I was placed in a cell after another inmate left the cell. Mattresses I slept on had holes & rips in the outer layer, exposing the inner cushioning material, and thus making them very unsanitary. The mattresses were also not being disinfected when I used them after

② Captain Dubert's decision to place me on admin. seg. violated my due process rights. Jail conditions violated WI statute 302.37, 302.41.

Complaint - 3

B. Statement of Claim (cont.)

after other inmates had used them. Sinks I used were faulty and hot water was unavailable. Toilets backed up on me several times (on their own) (flooded the floor), exposing me to human waste and the possible risk of infection. ① Being housed in segregation was stressful mentally and I suffered because of isolation, constantly being restrained when out of my cell, lack of exercise, limited opportunities to shower in 4D, and the constant illumination. On July 16, 2014 and July 17, 2014 jail officials shut off my sink for over 24 hours and I had no access to clean water. This forced me to drink from the toilet. Jail officials ② waited several hours to remove me from my cell though it was flooded because the toilet backed up. Food was also inadequate. In April 2015, I found a sharded of pottery glass in my nutra loaf meal. Captain Dukert knew that these conditions were making my mental condition worse as proven by his micro-monitoring of my compliance with medication later revealed. I also reported my distress to officers who I asked to inform Dukert. Also Dukert had access to information written and observed by his subordinates. The existence of the the poor conditions themselves were obvious.

Count II: On July 5, 2015, I asked MCSO officer Donzelli if I could be allowed my one hour rec. in order to shower and use the telephone. I had not been allowed to exit my cell in over a week. I asked officer

Complaint — 3A.

B. Statement of Claim (cont.)

Donzelli why staff had been denying me the one hour recreation time so much lately. Officer Donzelli responded by informing me that I would not get and have therefore my rec (and shower and phone) because I had not been taken my oral psychiatric medications. I informed Officer Donzelli that I was not under court order to take medication. Donzelli then stated that Captain Dukert ordered "no movement" for me if I refused medication and Donzelli stated that he would not bring me out for my recreation period now or in the future unless I "take [my] meds". Both Captain Dukert and Donzelli violated my 5th and 14th Amendment right to due process and equal protection of the law, my 1st Amendment right to freedom of expression and association, and the Americans with Disabilities and State Law 302.583(a) Act by denying me, without due process, basic liberties 302.384 and giving me an ultimatum to take medications when no court order was in place and isolating me, discriminant of my personality and or illness. I was unable to exhaust grievance procedures on this one issue because I was transferred out of the jail on the very next day.

Any applicable statute of limitations should be tolled due to the plaintiff's prior legal disability. The County of Milwaukee has policies that caused these conditions that the violations of law complained and so is liable

Complaint - 3B.

In April 2015 I was tased by officer J. Smith on the left arm while locked in my cell because I had my arm hanging outside of the trap. Officer Smith did not radio for a supervisor to diffuse the situation and instead tased me. This constituted excessive force as jail officials are not permitted to use tasers on inmates who are locked in their cells. Defendants Doe are Administrators at the Milwaukee County Jail and they are liable because of their policy making.

C. JURISDICTION

☑ I am suing for a violation of federal law under 28 U.S.C. § 1331.

OR + Pendant Jurisdiction (state law claims)

☐ I am suing under state law. The state citizenship of the plaintiff(s) is (are) different from the state citizenship of every defendant, and the amount of money at stake in this case (not counting interest and costs) is $_____.

D. RELIEF WANTED

Describe what you want the Court to do if you win your lawsuit. Examples may include an award of money or an order telling defendants to do something or to stop doing something.

Plaintiff seeks compensatory damages in the amount of thirty thousand dollars ($30,000.00) against each defendant, jointly and severally for psychological stress and the physical stress of being confined in the way described in the complaint. Plaintiff also seeks nominal damages of no less than $1 for every day I spent in custody at MCJ in connection with this cause of action from Dukert for violations to his constitutional rights. Plaintiff also seeks punitive damages in the amount $5000.00 from Defendant Dukert, and any other relief the court believes is appropriate and just. $5000.00 punitive damages from defendant Smith.

Complaint - 4

E.  JURY DEMAND

   I want a jury to hear my case.

   ☑ – YES         ☐ – NO

   I declare under penalty of perjury that the foregoing is true and correct.

   Complaint signed this ___19th___ day of ___August___ 20_18_.

   Respectfully Submitted,

   _____/s/ illegible_____
   Signature of Plaintiff

   _____631734_____
   Plaintiff's Prisoner ID Number

   Anthony IT 631734 · CCI POBOX900
   2925 Columbia Dr. Portage, WI 53901
   (Mailing Address of Plaintiff)

   (If more than one plaintiff, use another piece of paper.)

REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FULL FILING FEE

☑  I DO request that I be allowed to file this complaint without paying the filing fee. I have completed a Request to Proceed in District Court without Prepaying the Full Filing Fee form and have attached it to the complaint.

☐  I DO NOT request that I be allowed to file this complaint without prepaying the filing fee under 28 U.S.C. § 1915, and I have included the full filing fee with this complaint.

Complaint – 5