# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ANTHONY K. IT,**

    Plaintiff,

  v.                                        Case No. 18-CV-1289

**WILLIAM DUCKERT,** *et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

Anthony K. It, who is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights. About four months later, he filed an amended complaint. The Prison Litigation Reform Act applies to this case because It was incarcerated when he filed his complaint. Under that law, courts must screen prisoner complaints, including amended complaints, to identify cognizable claims, and they must dismiss any portion of a complaint that is frivolous, malicious, or fails to state a claim. 28 U.S.C. § 1915A(b).

On May 28, 2019, U.S. District Judge Lynn Adelman screened It's amended complaint and allowed him to proceed on a due-process claim against Debra Burmeister, Brittany Bauhs, Crystalina Montano, William Duckert, Alicia Franklin, Janet Borucki, Beverly Williams, Kelli Honzik, Alicia Wright, and Maurice Slocum; a conditions-of-confinement claim against Montano, Daniel Brodsky, Devonta Townes, Joshua Briggs, Julie Shanahan, Kashka Meadors (identified as Meadows in

the screening order), Steven Haw, Duckert, Borucki, Diedra Adams, Matthew Carroll, Michael Stevens, Thomas Donzelli, and William Joyner; and a retaliation claim against Duckert Donzelli, Stevens, and Joyner. (ECF Nos. 23, 26).

On September 19, 2019, the defendants (except for Slocum, who had not yet been served) filed a motion to dismiss. They argued that the court should dismiss It's amended complaint because he had not exhausted the available administrative remedies before he filed his complaint. They also argued that the amended complaint violated Federal Rule of Civil Procedure 20 in that it joined claims against separate defendants that did not arise out of the same transaction, occurrence, or series of transactions or occurrences. Finally, they argued that certain defendants should be dismissed because those officers did not have authority to remove It from maximum custody status, which was the basis of his due-process claim.

In response, It agreed to voluntarily dismiss defendants Bauhs, Wright, Honzik, and Franklin from his due-process claim and to voluntarily dismiss Brodsky, Townes, Briggs, Shanahan, Meadors, Haw Borucki, Adams, and Carroll from his conditions-of-confinement claim; It also opted to voluntarily dismiss Slocum. (ECF No. 38 at 2.) Finally, It "admit[ted] that he did not file an inmate complaint or exhaust remedies on his poor conditions of confinement claim." (ECF No. 38 at 5, 2.) It maintained, however, that he fully exhausted his due-process claim and that he was unable to exhaust his retaliation claim because he had been transferred out of the jail the day after he learned of the alleged misconduct. (ECF No. 38 at 2-4 and ECF No. 39 at 1-2.)

2

The defendants do not oppose It's request to voluntarily dismiss the claims and defendants he outlines in his response. (ECF No. 40 at 2.) They request that the court accept It's voluntary dismissals under Fed. R. Civ. P. 41(a)(1)(A)(i). They also request that the court dismiss the conditions-of-confinement claim in its entirety based on It's concession that he did not exhaust the available administrative remedies as to that claim. Finally, they request that the court dismiss the retaliation claim based on It's concession that he did not file a grievance on that issue. (ECF No. 40 at 3.)

Fed. R. of Civ. Pro. 41(a)(1)(A)(i) authorizes a plaintiff to "dismiss an action without court order by filing: a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." It does not seek to dismiss this action; in fact, he makes clear that he does *not* want to dismiss this action its entirety. (*See* ECF No. 38 at 4). Accordingly, Rule 41(a) is not applicable. *See Berthold Types Ltd. v. Adobe Systems Inc.*, 424 F.3d 772, 777 (7th Cir. 2001) (Rule 41(a) "does not speak of dismissing one claim in a suit; it speaks of dismissing 'an action'—which is to say, the whole case.").

It does not oppose the defendants' motion to the extent they seek to dismiss his due-process claim against Bauhs, Wright, Honzik, and Franklin, and his conditions-of-confinement claim against Brodsky, Townes, Briggs, Shanahan, Meadors, Haw, Borucki, Adams, and Carroll. Accordingly, I will recommend to Judge Adelman that he grant the defendants' motion to dismiss those claims against those defendants. Further, It states in his response that he no longer wants to prosecute his due-process

3

claim against Slocum, who is no longer employed at the jail, so I will recommend that Judge Adelman dismiss him under Civil L.R. 41(c).

The defendants also argue that the court should dismiss It's conditions-of-confinement claim in its entirety because It concedes that he did not exhaust the available administrative remedies as to that claim before he filed his complaint. It is not clear why It seeks to voluntarily dismiss that claim against only nine of the fourteen defendants against whom Judge Adelman allowed him to proceed. The court suspects that It did not want to risk the court dismissing the other five defendants (as opposed to the claim against those defendants) because he is also pursuing a due-process claim against those five defendants.

Whatever the reason, the court notes that failure to exhaust is an affirmative defense that the defendants have the burden of pleading and proving. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). While a court may dismiss a complaint or claim at screening because the plaintiff failed to exhaust available administrative remedies, it should do so only when the failure to exhaust "is so plain from the face of the complaint that the suit [or claim] can be regarded as frivolous." *Walker*, 288 F.3d at 1009. "Appropriate caution in its exercise is assured by the requirement that the validity of the defense be both apparent from the complaint itself, and unmistakable, so that the suit is fairly describable as frivolous." *Id*. (internal citations omitted).

It's complaint is silent as to whether he exhausted the available administrative remedies as to his conditions-of-confinement claim. That is acceptable, as he is not

4

required to plead exhaustion. The defendants assert in their motion—without support—that It filed no grievances related to his conditions-of-confinement claim, but I am not obligated to take their word for it. On a motion to dismiss, my concern is with It's allegations, and nothing in his amended complaint makes it apparent that he did not exhaust the available administrative remedies as to that claim.

Had It remained silent in his response to the defendants' argument that he had not exhausted that claim, I would have denied the defendants' motion to dismiss on that issue. However, It did not remain silent. Instead, he admitted that the defendants were correct—he did not file an inmate complaint or exhaust the available administrative remedies as to that claim. While a motion under Rule 12(b)(6) must be based only on the complaint itself (and any documents attached to the complaint), a plaintiff has much more flexibility in opposing such a motion. *Geinosky v. City of Chicago*, 675 F.3d 743, 745, n.1 (7th Cir. 2012). It is permissible for a plaintiff to "elaborate on his factual allegations so long as the new elaborations are consistent with the pleadings." *Id.* Generally, a plaintiff's elaborations will support an argument that a plaintiff can proceed with a claim, but the court need not disregard a plaintiff's elaborations just because they establish that he cannot procced.

I appreciate It's forthrightness in acknowledging that he did not exhaust this claim. I also wonder if the parties and court would have been saved significant time and resources if the defendants had informally raised their concerns with It before resorting to motion practice. *See, e.g.,* Civil L. R. 37 (implicitly acknowledging that parties may often save time and money by conferring with one another in good faith

and resolving issues without the court's involvement). I will recommend to Judge Adelman that he dismiss It's conditions-of-confinement claim in its entirety.

I will not, however, recommend that Judge Adelman dismiss It's retaliation claim for failure to exhaust. Judge Adelman addressed this issue when he screened the amended complaint. (ECF No. 23 at 6, n. 2.) He acknowledged It's statement that It had not filed a grievance because he was transferred from the jail the day after he learned about the defendants' alleged misconduct. Judge Adelman explained that, construing It's allegations broadly, It had implied that the administrative remedies were unavailable to him. As such, he declined to address the exhaustion issue at screening.

That reasoning has not changed. It is not clear from the amended complaint or It's response to the defendants' motion whether the jail had rules or policies regarding the filing of grievances by inmates who were no longer incarcerated at the jail, nor is it clear whether It was prevented from following those rules or policies by an official's affirmative misconduct. Again, it is the defendants' burden to prove this affirmative defense. In short, because I do not have enough information to enable me to determine whether the administrative remedies were available to It, it would be inappropriate to recommend dismissal of It's retaliation claim at this stage. *See Walker*, 288 F.3d at 1010; *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006) (holding that a prisoner is not required to exhaust the administrative remedies if those remedies are not "available.")

**IT IS THEREFORE RECOMMENDED** that the defendants' motion to dismiss (ECF No. 34) be **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER RECOMMENDED** that defendants Bauhs, Wright, Honzik, Franklin, Slocum, Brodsky, Townes, Briggs Shanahan, Meadors, Haw, Adams, and Carroll be **DISMISSED**.

**IT IS FURTHER RECOMMENDED** that It's conditions-of-confinement claim be **DISMISSED without prejudice** based on It's failure to exhaust the available administrative remedies.

**IT IS FURTHER RECOMMENDED** that It be permitted to proceed on a due-process claim against Burmeister, Montano, Duckert, Borucki, and Williams, and a retaliation claim against Duckert, Donzelli, Stevens, and Joyner.

Dated in Milwaukee, Wisconsin, this 18th day of November, 2019.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge